IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFF DILLON and<br>DILLON TRANSPORT, INC.,<br><br>            Plaintiff,<br><br>v.<br><br>LARRY D. WARREN, NAMAN, HOWELL,<br>SMITH & LEE PLLC, MICHAEL TANNEN,<br>and TANNEN LAW GROUP, P.C.,<br><br>            Defendants. | Case No. 18 CV 470 |

## DEFENDANT LARRY D. WARREN'S NOTICE OF REMOVAL

NOW COMES Defendant, LARRY D. WARREN, by and through its attorneys, Joseph R. Marconi and Brian C. Langs of Johnson & Bell, Ltd., pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, and hereby gives notice of the removal of the above-captioned action from the Circuit Court of Cook County, Illinois, Case No. 2017 L 12751, to the United States District Court for the Northern District of Illinois, Eastern Division, and in support thereof, states the following:

**I.    THIS MATTER IS PROPERLY REMOVABLE UNDER 28 U.S.C. §§ 1441, 1446, AND 1332**

**Correct District and Division.** On December 14, 2017, Plaintiffs initiated the above-captioned lawsuit by filing a Complaint entitled *Dillon v. Warren, et al.*, Case No. 2017 L 12751, in the Circuit Court of Cook County, Illinois, a court located within this District. *See* Compl., attached as Exhibit A. As the Eastern Division of the United States District Court for the Northern District of Illinois embraces Cook County, Illinois, where Plaintiffs' action is pending,

under 28 U.S.C. § 1441(a), said district and division are the appropriate district and division to which Plaintiff's action may be removed.

**Timing.** On December 14, 2018, Plaintiffs caused a Summons to be issued for service upon Mr. Warren. *See* Summons, attached as Exhibit B. Mr. Warren received the Summons and Complaint on December 22, 2017. *See* Warren Declaration, attached as Exhibit F, at ¶ 3. As such, this Notice of Removal is being filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, within 30 days after Mr. Warren received the Summons and Complaint as required by 28 U.S.C. § 1446(b)(1).

**Diversity.** The United States District Court for the Northern District of Illinois, Eastern Division, has diversity jurisdiction over the above-captioned lawsuit under 28 U.S.C. 1332 for the following reasons:

    a.    Plaintiff Jeff Dillon at all relevant times has been domiciled in the State of Illinois because his permanent home is in the State of Illinois. *See* Exhibit A at Counts I-IV, ¶ 1 and Counts V-VIII, ¶ 1. Accordingly, Mr. Dillon is a citizen of the State of Illinois. *See Galva Foundry Co. v. Heiden*, 924 F.2d 729, 730 (7th Cir. 1991).

    b.    Plaintiff Dillon Transport, Inc. is a corporation existing and incorporated under the laws of the State of Illinois with its principal place of business located in State of Illinois. *See* Exhibit A at Counts I-IV, ¶ 1 and Counts V-VIII, ¶ 1. As such, Dillon Transport, Inc. is a citizen of the State of Illinois. *See* 28 U.S.C. 1332(c)(1).

    c.    Defendant Larry Warren at all relevant times has been domiciled in the State of Texas because his permanent home is in the State of Texas. *See* Exhibit A at Counts V-VIII, ¶ 2 Accordingly, Mr. Warren is a citizen of the State of Texas. *See Galva Foundry Co. v. Heiden*, 924 F.2d 729, 730 (7th Cir. 1991).

    d.    Defendant Naman, Howell, Smith & Lee, LLC ("NHSL") at all relevant times has been a professional limited liability company organized under the laws of the State of Texas with its principal place of business in the State of Texas. NHSL has forty-two members, each of whom is an individual person who considers the State of Texas his or her permanent home, and all of whom are therefore citizens of the State of Texas. *See* Fuller Decl., attached as Exhibit G, at ¶ 4. Consequently, NHSL is also citizen of the State of Texas. *See Heiden*, 924 F.2d at 730.

    e.    As discussed below in Section II, Plaintiffs fraudulently joined Michael Tannen and Tannen Law Group, P.C. (the "Nondiverse Defendants") to this lawsuit as defendants in their Complaint. Therefore, the citizenship of the Nondiverse Defendants must be disregarded for purposes of diversity of citizenship between the parties and the removal of this matter to federal court based on diversity. *See Hoosier Energy Rural Electric Cooperative v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994).

    f.    According to the allegations in Plaintiffs' Complaint, Plaintiffs are seeking compensatory damages in excess of $2.5 million, well above the $75,000 threshold, exclusive of interest and costs, required for this Court's subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. 1332(a). *See* Exhibit A at Counts V-VIII, ¶ 34.

**Consent.** NHSL has consented to the removal of this matter as required by 28 U.S.C. § 1446(b)(2). *See* Exhibit G at ¶ 5. Removal of this matter does not require the Nondiverse Defendants' consent because, as discussed below in Section II, Plaintiffs fraudulently joined them as defendants in their Complaint. *See Hoosier Energy*, 34 F.3d at 1315; *Bahalim v. Ferring Pharm., Inc.,* 2017 U.S. Dist. LEXIS 4588, at *5 (N.D. Ill. Jan. 12, 2017) ("Consent for removal under Section 1446(b)(2)(A) is not required from fraudulently joined defendants."). Regardless,

Plaintiffs have not yet served either of the Nondiverse Defendants with the summons and complaint in this matter, and their consent is therefore not required for this additional reason. *See Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir. 1997).

**State Court Documentation.** Pursuant to 28 U.S.C. 1446(a), copies of all summons, process, pleadings, and orders filed in the state court action are attached hereto as Exhibits A-E:

    A.    All pleadings asserting causes of action, e.g., complaints, counterclaims, cross actions, third party actions, interventions and all answers to such pleadings;

    B.    All executed process in this case;

    C.    The docket sheet;

    D.    A list of all counsel of record, including address, telephone numbers and parties represented; and

    E.    An index of the materials being filed.

Other than the documents attached as Exhibits A-E, and the Declarations attached in support of this Notice of Removal, no pleadings, process, orders or other documents in the case have been served or otherwise received by Mr. Warren or, to his knowledge, are presently on file in the state court. In the event that such filings come to Mr. Warren's attention, true and legible copies will immediately be filed with this Court. Further, no previous application has been made for the relief requested herein.

**Notice of Removal to State Court.** Pursuant to 28 U.S.C. § 1446(d), Mr. Warren promptly filed a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois in Case No. 2017 L 12751.

Therefore, if Plaintiffs fraudulently joined the Nondiverse Defendants as defendants in their Complaint, this matter has been properly removed to the Northern District Court of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1441, 1446, and 1332.

## II. PLAINTIFFS FRAUDULENTLY JOINED THE NONDIVERSE DEFENDANTS AS DEFENDANTS IN THEIR COMPLAINT

"Diversity jurisdiction cannot be destroyed by joinder of nondiverse parties if such joinder is fraudulent." *Hoosier Energy*, 34 F.3d at 1315 (quoting *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993)). "[A]lthough false allegations of jurisdictional fact may make joinder fraudulent, in most cases fraudulent joinder involves a claim against an in-state defendant that simply has no chance of success, whatever the plaintiff's motives." 959 F.2d at 73. As such, "'[f]raudulent joinder occurs either when there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts.'" *Hoosier Energy*, 34 F.3d at 1315 (quoting *Gottlieb*, 990 F.2d at 327). Further, in assessing a claim of fraudulent joinder, "courts are not limited to the allegations of the pleadings but may pierce the pleadings and consider summary judgment-type evidence such as affidavits and deposition testimony." *Gross v. FCA US LLC*, 2017 U.S. Dist. LEXIS 201843, at *15 (N.D. Ill. Dec. 7, 2017) (citing *CC Indus., Inc. v. ING/Reliastar Life Ins. Co.*, 266 F. Supp. 2d 813, 815-16 (N.D. 2003)).

Here, Mr. Warren maintains that there is no possibility that Plaintiffs can state a cause of action against the Nondiverse Defendants in state court because Plaintiffs' own pleading not only concedes that the Nondiverse Defendants were not negligent, it also concedes that even if they had been negligent as alleged in Complaint, their alleged negligence could not possibly have had any effect on the outcome of the Underlying Case.

A. **STATEMENT OF UNDISPUTED FACTS**

1. Mr. Warren represented Plaintiff Dillon Transport, Inc. in the underlying case—Cause No. 2015 DCV-0835-B in the District Court of Nueces County, Texas (the "Underlying Case")—from 2013 through 2016. *See* Exhibit F at ¶ 4. Mr. Warren also tried the Underlying Case on behalf Dillon Transport, Inc. during this time. *See* Exhibit F at ¶¶ 4-5. However, Plaintiff Jeff Dillon was not a party to the Underlying Case, and Mr. Warren did not ever represent him in any capacity. *See* Exhibit F at ¶ 4.

2. The two-week trial in the Underlying Case began on December 2, 2015 and concluded on December 16, 2015. *See* Exhibit A at Counts V-VIII, ¶¶ 25-30; Exhibit F at ¶ 5.

3. On December 16, 2015, the respective parties made their closing arguments and the jury was charged. *See* Exhibit A at Counts V-VIII, ¶ 27. After the jury was charged on December 16, 2015, the jury deliberated until the court sent the jury home for the night. *See* Exhibit F at ¶ 6. The jury continued to deliberate on December 17, 2015, but it did not reach a verdict. *See* Exhibit F at ¶ 6.

4. While the jury was deliberating on December 17, 2015, Mr. Warren began to reach out to Dillon Transport, Inc. and its insurance carriers to discuss making an offer to the plaintiffs in the Underlying Case to settle the Underlying Case within the limits of Dillon Transport, Inc.'s applicable insurance policies. *See* Exhibit F at ¶ 7.

5. Plaintiffs did not contact the Nondiverse Defendants with respect to the Underlying Case until the evening of December 17, 2015, which was roughly twenty-four hours after the trial in the Underlying Case had concluded and the jury had been charged. *See* Langs Decl., attached as Exhibit H, at ¶ 3.

6. On the morning of December 18, 2015, before the jury returned its verdict, Mr. Warren received a phone call from Michael Tannen who advised Mr. Warren that Dillon Transport, Inc. wanted to extend such a settlement offer. *See* Exhibit F at ¶ 8. Prior to this December 18, 2015 phone call, Mr. Warren had never met, spoken to, or even heard of Mr. Tannen. *See* Exhibit F at ¶ 8.

7. Subsequently, Mr. Warren received authorization from Dillon Transport, Inc.'s insurance carriers to extend such a settlement offer to the plaintiffs in the Underlying Case, and he immediately extended the offer prior to jury verdict being returned. *See* Exhibit F at ¶ 9.

8. However, the plaintiffs in the Underlying Case rejected the offer and proposed a "take it or leave it" counter-demand to settle the Underlying Case on a "high-low" basis for $4.9 - $15 million, depending on the jury's verdict. *See* Exhibit F at ¶ 10. Mr. Warren relayed and discussed this counter-demand with Dillon Transport, Inc. and its insurance carriers and advised them of Dillon Transport, Inc.'s out-of-pocket exposure associated with either accepting or rejecting this counter-demand. *See* Exhibit F at ¶ 10. Dillon Transport, Inc. and its insurance carriers made the decision to reject this counter-demand, and Mr. Warren promptly rejected the counter-demand on behalf Dillon Transport, Inc. before the jury returned its verdict on December 18, 2015. *See* Exhibit F at ¶ 10.

9. At approximately 11:00 AM on December 18, 2015, the jury in the Underlying Case returned a verdict against Dillon Transport, Inc. and awarded the plaintiffs in the Underlying Case damages in the amount of $32,664,718. *See* Exhibit F at ¶ 11.

10. Plaintiffs' Complaint here intentionally omits the exact date and time when they allegedly contacted the Nondiverse Defendants to review Underlying Case and advise of their possible out-of-pocket exposure, and if required, "take action to protect them against an adverse

verdict." *See* Exhibit A at Counts I-IV, ¶ 15. Instead, Plaintiffs merely allege in their Complaint that they contacted the Nondiverse Defendants in "December 2015." *See* Exhibit A at Counts I-IV, ¶ 15.

11. However, as stated above, it is indisputable that Plaintiffs never contacted the Nondiverse Defendants with respect to the Underlying Case until the evening of December 17, 2015, which was roughly twenty-four hours after the trial in the Underlying Case had concluded and the jury had been charged. *See* Exhibit H at ¶ 3.

**B. PLAINTIFFS CANNOT ESTABLISH THE NONDIVERSE DEFENDANTS' ALLEGED NEGLIGENCE OR THAT THE NONDIVERSE DEFENDANTS' ALLEGED NEGLIGENCE PROXIMATELY CAUSED THEM ACTUAL DAMAGES**

Plaintiffs' Complaint alleges both (1) that the Nondiverse Defendants were somehow negligent by failing to initiate "pre-verdict" settlement negotiations with the plaintiff in the Underlying Case within the limits of Dillon Transport, Inc.'s applicable insurance coverage, and (2) that the plaintiff in the Underlying Case would have settled within the policy limits "if timely negotiations occurred **before trial or during the trial**" of the Underlying Case. *See* Exhibit A at Counts I-IV, ¶¶ 18, 23 (emphasis added). However, Plaintiffs never even contacted the Nondiverse Defendants regarding the Underlying Case until the evening of December 17, 2015, approximately twenty-four hours after the trial in the Underlying Case had concluded and the jury had been charged, *see* Exhibit H at ¶ 3, a fact that Plaintiffs conveniently omitted from their Complaint in an obvious attempt to fraudulently join the Nondiverse Defendants as defendants in their Complaint to avoid removal. Consequently, the Nondiverse Defendants could not possibly have initiated settlement negotiations with the plaintiff in the Underlying Case **"before trial or during trial"** without the aid of time travel. *See* Exhibit A at Counts I-IV, ¶¶ 18, 24.

Furthermore, Plaintiffs cannot allege any set of facts where the Nondiverse Defendants' failure to initiate pre-verdict settlement negotiations after they were contacted with respect to the Underlying Case on the evening of December 17, 2015 could have caused Plaintiffs the damages alleged in their Complaint. Plaintiffs' Complaint and the attached declarations demonstrate (1) that, after Plaintiffs' contacted the Nondiverse Defendants on the evening of December 17, 2015, Dillon Transport, Inc. made a pre-verdict settlement offer to the plaintiffs in the Underlying Case within the limits of its applicable insurance coverage; (2) that the plaintiff in the Underlying Case rejected this settlement offer, and (3) that, as of December 17, 2015—the date on which Plaintiffs initially contacted the Nondiverse Defendants with respect to the Underlying Case in the evening—the plaintiff in the Underlying Case was not interested in settling the Underlying Case within the limits of Dillon Transport, Inc.'s applicable insurance coverage. *See* Exhibit A at Counts V-VIII, ¶ 29; Exhibit F at ¶¶ 9-10.

Accordingly, no reasonable person could possibly conclude that the Nondiverse Defendants were even negligent, let alone conclude that their negligence as alleged in the Complaint caused Plaintiffs any part of their alleged damages—*i.e.*, the $2.5 million Plaintiffs allegedly paid out of pocket to settle the Underlying Case after the jury returned its verdict in excess of $32 million. Therefore, this Court should hold that Plaintiffs fraudulently joined the Nondiverse Defendants as defendants in their Complaint because there is no possibility that Plaintiffs can state a cause of action against the Nondiverse Defendants in state court. *See Hoosier Energy*, 34 F.3d at 1315.

## CONCLUSION

For the forgoing reasons, Defendant LARRY D. WARREN respectfully requests that this case proceed before this honorable Court as an action properly removed and for any other relief this Court deems just and proper.

Dated: January 22, 2018

                                        Respectfully submitted,

                                        JOHNSON & BELL, LTD.

                            By:    s/ Brian C. Langs
                                        One of the attorneys for Defendant,
                                        Larry D. Warren

Joseph R. Marconi
Brian C. Langs
JOHNSON & BELL, LTD.
33 W. Monroe St., Suite 2700
Chicago, Illinois 60603
(312) 372-0770
marconij@jbltd.com
langsb@jbltd.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2018, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all parties of record.

                                                                /s/ Brian C. Langs