# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JEFF DILLON and DILLON TRANSPORT, INC., | ) ) ) |
| Plaintiffs, | ) ) ) No. 18-CV-00470 |
| v. | ) ) Judge John J. Tharp, Jr. |
| NAMAN, HOWELL, SMITH & LEE, PLLC; LARRY D. WARREN; MICHAEL TANNEN; and TANNEN LAW GROUP, P.C., | ) ) ) ) |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

After Dillon Transport, Inc. was found liable for a $32 million verdict in a personal injury lawsuit in Texas, the trucking company and its principal, Jeff Dillon, sued the lawyers and law firms that provided the company legal advice in connection with the lawsuit. Dillon and the company filed their case in the Circuit Court of Cook County, alleging that due to the defendants' professional negligence Dillon and Dillon Transport had to pay $2.5 million beyond their insurance coverage as part of a post-verdict settlement. Defendant attorney Larry Warren removed the case to federal court, claiming that two other defendants, Michael Tannen and Tannen Law Group, P.C. ("TLG"), had been fraudulently joined to destroy diversity. After removal, the plaintiffs moved to remand the case to the state court, arguing that the defendants have not established fraudulent joinder. The Court agrees. Because the defendants have failed to show that Tannen and TLG were fraudulently joined, complete diversity among the parties does not exist and the Court lacks subject matter jurisdiction over this case. Accordingly, the Court grants the plaintiffs' motion to remand.

**BACKGROUND**[1]

Jeff Dillon and the trucking company Dillon Transport are citizens of Illinois. Michael Tannen is a lawyer and the owner of the Chicago law firm Tannen Law Group, P.C. ("TLG"). Tannen and TLG are also Illinois citizens. Larry Warren is a lawyer for Naman, Howell, Smith & Lee PLLC ("NHSL"), a law firm located in San Antonio, Texas. Warren and NHSL are citizens of Texas. At various times, Tannen and TLG (collectively, the "Tannen defendants") and Warren and NHSL (collectively, the "Warren defendants") provided legal counsel to Dillon Transport.

In 2015, Dillon Transport was sued in Nueces County, Texas (the "Texas lawsuit") for its role in an accident that caused permanent injuries to two individuals (the "Texas plaintiffs") who were riding a motorcycle that collided with a Dillon Transport truck. The Texas lawsuit alleged that Dillon Transport was liable for its own negligence and vicariously liable for the negligent acts of its employee who operated the truck. Dillon Transport hired the Warren defendants to represent it in the case, up to the extent of the trucking company's $5 million liability insurance coverage. In September 2015, Warren authored a pre-trial and pre-mediation evaluation report on

---

[1] The facts are taken from the plaintiffs' complaint and the declarations and affidavits submitted by the Warren and the Tannen defendants. On a motion to remand, the Court may consider the allegations in the plaintiff's complaint and "summary judgment-type evidence," such as affidavits and deposition testimony, so long as the evidence relates to jurisdictional facts rather than substantive facts going to the merits of the plaintiffs' claims. *See Peters v. AMR Corp.*, No. 95 C 588, 1995 WL 358843, at *3-4 (N.D. Ill. June 13, 1995); *Momans v. St. John's Nw. Military Acad., Inc.*, No. 99 C 8510, 2000 WL 33976543, at *3-4 (N.D. Ill. Apr. 20, 2000); *CC Indus., Inc. v. ING/Reliastar Life Ins. Co.*, 266 F. Supp. 2d 813, 815-16, 817 (N.D. Ill. 2003). For the purposes of resolving the motion to remand, the Court accepts as true the factual allegations in the plaintiffs' complaint and draws all reasonable inferences from those facts in favor of the plaintiffs. *Denton v. Universal Am-Can, Ltd.*, 12 C 3150, 2012 WL 3779315, at *1 (N.D. Ill. Aug. 30, 2012); *Blockinger v. Reach Med. Holdings, Inc.*, No. 09-cv-1805, 2009 WL 3617530, at *1 (N.D. Ill. Oct. 28, 2009).

Because the plaintiffs' complaint provides only the residence of each party, the citizenship of each party is taken from Warren's notice of removal. None of the parties contested the citizenship allegations included in Warren's notice of removal.

the lawsuit, stating that it was defensible at trial and that the evidence indicated that the plaintiff was the sole cause of the accident. In October 2015, a mediation was held, but Warren made no serious offers of settlement to the plaintiffs. Thereafter, the Texas plaintiffs amended their complaint to add claims of gross negligence and institutional negligence against Dillon Transport. The plaintiffs also succeeded in barring the trial testimony of a critical defense witness.

On December 2, 2015, the Texas lawsuit went to trial, during which Dillon Transport suffered several setbacks. Closing arguments concluded on December 16, 2015, and the jury began its deliberations on that day. After deliberations commenced, the jury raised questions that indicated they were leaning toward a significant verdict in favor of the plaintiffs. Early the next morning, December 17, 2015, Warren contacted Dillon Transport and its insurance carriers to discuss a potential settlement offer to the Texas plaintiffs. Decl. of Larry Warren ("Warren Decl.") ¶ 7, ECF No. 1-6. Later that day, in the evening, Dillon Transport executives contacted Tannen and requested his legal advice regarding the trial and the expected verdict. Aff. of TLG and Tannen in Supp. of Pet. for Removal ("Tannen Aff. I") ¶¶ 22-32, ECF No. 23-2. Tannen began working on the case that night. *Id.* Dillon Transport retained Tannen and TLG to review the case, to advise it of its exposure and risk above the $5 million liability insurance policy limit,

and to take action to protect it against an adverse verdict.[2] Comp. Counts I-IV ¶ 15, ECF No. 1-1.[3]

While the jury continued to deliberate, Dillon Transport attempted to settle the case within its insurance policy limit, but the Texas plaintiffs rejected the company's settlement offer.[4] On December 18, 2015, the jury returned a $32 million verdict against Dillon Transport. Dillon Transport submitted post-trial briefs and appeals, and engaged in post-trial mediation and settlement negotiations. *See* Aff. of TLG and Tannen in Resp. to Mot. for Remand ("Tannen Aff. II") n.3-5, Exs. F-J, ECF No. 24-1. Tannen was involved in these efforts, which continued throughout 2016. *See id.* The company also issued a 50,000-page financial disclosure regarding its corporate assets. On December 19, 2016, about a year after the verdict, the parties reached a settlement that required Dillon and Dillon Transport to pay $2.5 million above the limits of Dillon Transport's insurance coverage.

In December 2017, Dillon and Dillon Transport filed a complaint against the Tannen defendants and the Warren defendants in the Circuit Court of Cook County alleging professional negligence related to the Texas lawsuit. On January 22, 2018, Warren filed a timely notice of

---

[2] In their complaint, the plaintiffs allege that both Dillon Transport and Dillon retained Tannen and TLG to provide these legal services. Tannen and TLG, however, state in their affidavit that they did not provide legal services to Dillon in relation to the Texas lawsuit. Tannen Aff. I ¶¶ 16-18, ECF No. 23-2. Dillon does not present any sworn statements or other evidence to dispute this assertion.

[3] The plaintiffs' complaint includes paragraphs numbered 1 through 29 under "Counts I, II, III & IV" and paragraphs numbered 1 through 38 under "Counts V, VI, VII & VIII." Citations to the plaintiffs' complaint, therefore, identify the counts and the paragraph number.

[4] The complaint allegations, Warren's declaration, and Tannen's affidavits offer varying accounts of exactly when and how the settlement offer was extended. *See* Compl. Counts V-VIII ¶ 29, ECF No. 1-1; Warren Decl. ¶¶ 8-10, ECF No. 1-6; Tannen Aff. I ¶¶ 35-42, ECF No. 23-2.

removal in this Court.[5] The Tannen defendants sought leave to file a submission in support of the removal, which the Court granted. Dillon and Dillon Transport moved to remand the case to the Circuit Court of Cook County, and the defendants submitted briefs in opposition to remand.

**DISCUSSION**

The plaintiffs argue that their case must be remanded to the Circuit Court because this Court lacks subject matter jurisdiction. Warren removed this case to federal court under 28 U.S.C. § 1441(a), which provides that any civil action filed in a state court may be removed by the defendant to the district court if the district court has original jurisdiction over the controversy. 28 U.S.C. § 1441(a). The Warren and Tannen defendants assert that original jurisdiction of the federal court exists based on the diversity jurisdiction provided for under 28 U.S.C. § 1332 ("Section 1332"). They claim that the Tannen defendants, who are Illinois citizens and are therefore not diverse from the plaintiffs, were fraudulently joined and therefore should be disregarded when determining whether there is complete diversity among the parties, as is required under Section 1332. In their motion to remand, Dillon and Dillon Transport argue that the defendants have not met their burden to establish that the Tannen defendants were fraudulently joined.

The Seventh Circuit directs federal courts to interpret the removal statute narrowly, resolving any doubts in favor of the plaintiff's choice of forum in the state court. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). Under the fraudulent joinder doctrine, a court considering removal may "disregard, for jurisdictional purposes, the citizenship of certain

---

[5] Warren's removal period ended on Monday, January 22, because the last day of the 30-day period allotted by 28 U.S.C. § 1446(b) was on Sunday, January 21. When the last day of a period falls on a weekend, the period is extended to the next business day. Fed. R. Civ. P. 6(a)(1)(C). Rule 6 applies to "any statute," like § 1446(b), "that does not specify a method of computing time." Fed. R. Civ. P. 6(a). Accordingly, the plaintiffs' assertion that Warren's notice of removal "may" have been untimely is unfounded.

5

non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction." *Id.* at 763 (quoting *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)). Fraudulent joinder exists if the plaintiff has made false allegations of jurisdictional fact, or if a claim against a non-diverse defendant has no chance of success. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). Here, the defendants argue that the plaintiffs' claims against Tannen and TLG have no chance of success.

Defendants seeking to remove a case from state court to federal court based on fraudulent joinder of a non-diverse defendant bear "a heavy burden." *Id.* The test for fraudulent joinder is even more favorable to the plaintiff than the standard for deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Livingston v. Hoffmann-La Roche, Inc.*, No. 09 C 2611, 2009 WL 2448804, at *4 (N.D. Ill. Aug. 6, 2009). Warren must show that, after resolving all issues of fact and law in favor of the plaintiffs, the plaintiffs cannot establish a cause of action against Tannen or TLG. *Poulos*, 959 F.2d at 73. The Court must determine whether there is "any reasonable possibility" that a state court would rule against Tannen or TLG. *Id.* Warren, however, need not negate "any possible theory" that the plaintiffs might allege in the future; "only [the] present allegations count." *Id.* at 74.

There is no dispute that Dillon Transport retained the Tannen defendants on December 17, 2015; thereafter, the Tannen defendants owed a duty to provide legal counsel and representation that was free of negligence. Dillon Transport hired the Tannen defendants to review the Texas lawsuit, to provide legal advice on its personal exposure and risk in excess of its insurance policy limits, and to take action to protect the company against an adverse verdict. The plaintiffs allege that Tannen and TLG negligently failed to issue timely pre-verdict settlement demand letters, negligently failed to initiate timely pre-verdict settlement negotiations,

6

and negligently failed to timely advise Dillon Transport of the likelihood of an adverse verdict and the steps necessary to protect itself against an adverse verdict. The complaint alleges that these negligent acts caused Dillon and Dillon Transport to pay $2.5 million in "personal" assets (*i.e.,* assets other than payments by their insurer) in the post-verdict settlement with the Texas plaintiffs. Compl. Counts I-IV ¶ 24, ECF No. 1-1.

The Warren and Tannen defendants argue there is no reasonable possibility that these allegations suffice to state a cause of action for professional negligence against the Tannen defendants in an Illinois state court. In Illinois courts, whether a claim states a valid cause of action is analyzed in the context of a motion to dismiss. *Gen. Elec. Railcar Servs. Corp. v. Nat'l Steel Car Ltd.*, No. 04 C 3043, 2004 WL 2392104, at *3 (N.D. Ill. Oct. 25, 2004) (citing 735 ILL. COMP. STAT. 5/2-615). On a motion to dismiss, Illinois courts accept all well-pleaded facts as true and consider them in the light most favorable to the plaintiff. *Hartmann Realtors v. Biffar*, 13 N.E.3d 350, 356 (Ill. App. Ct. 2014). "The complaint must be construed liberally and should only be dismissed when it appears that the plaintiff cannot recover under any set of facts." *Id.* Under Illinois law, a cause of action based on professional negligence requires the following elements: "(1) the existence of a professional relationship, (2) a breach of duty arising from that relationship, (3) causation, and (4) damages." S*K Partners I, LP v. Metro Consultants, Inc.*, 944 N.E.2d 414, 416 (Ill. App. Ct. 2011).

The defendants argue that the plaintiffs have no reasonable possibility of recovering on their professional negligence claims against Tannen and TLG because the defendants' affidavits and declaration establish that Tannen and TLG did not act negligently. *See* Tannen Submission in Supp. of Removal 9-10, ECF No. 23; Tannen Aff. I ¶¶ 50-54, ECF No. 23-2; Warren Resp. to Mot. to Remand 10, ECF No. 25; Tannen Resp. to Mot. to Remand 3, ECF No. 24. Tannen's

affidavit states that from the evening of December 17, when he was first asked to provide Dillon Transport with legal advice regarding the Texas lawsuit, until mid-morning on December 18, when the jury returned its verdict, he did "everything" that the complaint alleges that he failed to do. Tannen Aff. I ¶ 54, ECF No. 23-2. He states that he "timely and repeatedly," "until the very last minute," demanded that the case settle within the policy limits, but his requests were refused by the insurers' representatives. *Id.* ¶¶ 51, 52. He also states that he advised Dillon Transport on several steps to take to protect itself from an adverse verdict. *Id.* ¶ 53.

This argument, however, goes beyond the jurisdictional inquiry that the Court is limited to on a motion to remand and goes directly to the merits of the case. *See Momans*, 2000 WL 33976543, at *4 (when considering defendants' fraudulent joinder argument on a motion to remand, defendants' substantive denials of the complaint allegations go to the merits of the case and should be disregarded). "The purpose of the fraudulent joinder doctrine and a motion to remand is to place the case in the proper forum, not to rule substantively on [p]laintiffs' claims." *Torrez v. Jeppesen Sanderson, Inc.*, No. 13 C 825, 2013 WL 5325454, at *3 (N.D. Ill. Sept. 18, 2013). The Court, therefore, can consider evidence regarding jurisdictional facts establishing the propriety of summarily dismissing a defendant, such as an uncontradicted affidavit establishing that the defendant had "absolutely nothing to do with" the allegations in the complaint. *See Momans*, 2000 WL 33976543, at *3-4; *Faucett v. Ingersoll-Rand Mining & Mach. Co.*, 960 F.2d 653, 655 (7th Cir. 1992); *Blockinger*, 2009 WL 3617530, at *3-4. But the Court should disregard evidence that goes to the ultimate issue of fact in the case, even when the plaintiff has failed to submit any contradicting evidence. *See Momans*, 2000 WL 33976543, at *4 (disregarding uncontradicted affidavits that presented substantive rather than jurisdictional facts because the court should not pre-try the case when determining the propriety of removal); *Peters*, 1995 WL

358843, at *4 (holding that plaintiffs were not required to respond to defendant affidavits going to substantive rather than jurisdictional facts). Consideration of a defendant's affidavit denying the plaintiff's allegations or otherwise addressing the merits of the case would require the court to make credibility determinations and findings on the ultimate issues of fact, before it is clear whether the court has jurisdiction over the case. *See Momans*, 2000 WL 33976543, at *4; *Peters*, 1995 WL 358843, at *4. *See also Torrez*, 2013 WL 5325454, at *3 (holding that it would be "illogical" for the court to consider evidence on a motion to remand in the same manner as it would on a motion to dismiss under Rule 12(b)(6) or a motion for summary judgment under Rule 56) (citing *CC Indus., Inc.*, 266 F. Supp. at 816).

Accordingly, the Court does not consider Tannen's affidavits to determine whether or not he acted negligently or did what the complaint alleges he failed to do. While the plaintiffs have not submitted any evidence to contradict Tannen's affidavits, they are not required to do so at this stage of the case.[6] *See Momans*, 2000 WL 33976543, at *4 (on a motion to remand, the plaintiff need not respond to defendants' evidence going to the merits of plaintiff's claims); *Peters*, 1995 WL 358843, at *4 (same). Instead, the Court considers uncontested jurisdictional facts in the defendants' affidavits and declaration to determine whether Tannen and TLG had anything to do with the conduct alleged in the complaint.

Unlike other cases where courts have found fraudulent joinder based on a non-diverse defendant's sworn statement that it had nothing to do with the alleged conduct, *see, e.g.*, *Faucett*,

---

[6] The plaintiffs submitted an unsworn and unsigned "statement of undisputed facts" as an exhibit to their motion to remand. Mot. to Remand, Ex. 5, ECF No. 21. Because the statement of facts is unsigned and unsworn, however, the Court does not consider it for purposes of resolving the motion to remand. *See Peters*, 1995 WL 358843 at *3 (courts may look beyond the pleadings on a motion to remand to consider "summary judgment-type evidence" such as sworn testimony); *Rivera v. Allstate Ins. Co.*, 140 F. Supp. 3d 722, 729-30 (N.D. Ill. 2015) (disregarding statements that were not signed when considering a motion for summary judgment).

960 F.2d at 655, the jurisdictional facts provided by Tannen and Warren show just the opposite. Although Tannen did not provide legal counsel to Dillon Transport regarding the accident on which the lawsuit was based before the trial, he began providing the company with legal advice and representation regarding the Texas lawsuit before the trial ended, on the evening of December 17, 2015, while the jury was still deliberating and Dillon Transport was attempting to settle the case in an effort to avoid an adverse verdict. *See* Tannen Affidavit I ¶¶ 22-46, ECF No. 23-2; Warren Decl. ¶ 8, ECF No. 1-6. The Tannen affidavits also show that he continued to provide legal advice and representation to Dillon Transport throughout 2016, while the company engaged in post-trial briefing, appeals, mediation, and settlement negotiations in an attempt to minimize the impact of the adverse jury verdict. *See* Tannen Aff. II ¶¶ 21-24, n.3-5, Exs. F-J, ECF No. 24-1. Based on these facts, it is clear that Tannen was involved in conduct that Dillon Transport alleges was negligent and the cause of its $2.5 million damages. The affidavits and declarations, therefore, do not establish that Dillon Transport has no reasonable possibility of recovering against Tannen and his firm, TLG, for professional negligence.[7] *See Robles v. Nexstar Media Grp., Inc.*, 17 C 08551, 2018 WL 898464, at *3 (N.D. Ill. Feb. 15, 2018) (finding

---

[7] The Tannen affidavits state that Tannen and TLG did not provide legal services related to the Texas lawsuit to Dillon personally. Tannen Aff. I ¶¶ 16-18, ECF No. 23-2. Dillon does not present any sworn statements or other evidence to dispute this assertion. In tort cases, the existence of a duty between the non-diverse defendant and the plaintiff may be considered a jurisdictional fact, which can be established by a defendant's uncontradicted sworn statement. *See Hernandez v. Home Depot, U.S.A., Inc.*. No. 05 C 5963, 2006 WL 1647438, at *2 (N.D. Ill. June 5, 2006) (finding fraudulent joinder and holding that defendant's uncontested evidence showing non-diverse defendant never owed the plaintiff a duty established that the plaintiff could not state a cause of action for negligence against the non-diverse defendant). However, even if the Court accepts as uncontradicted Tannen and TLG's sworn statement that it never represented Dillon personally, this fact does not impact the Court's conclusion. Dillon Transport and Dillon allege the same claims against Tannen and TLG. A finding that the defendants have not established fraudulent joinder of Dillon Transport would require remand, regardless of whether Dillon's claims against the defendants have no reasonable possibility of success because Tannen never owed a duty to Dillon personally.

that fraudulent joinder was not established and granting remand where non-diverse defendant's declaration did not establish that defendant had "absolutely nothing" to do with the conduct alleged); *Siegel v. H Grp. Holding, Inc.*, No. 07 C 6830, 2008 WL 4547334, at *5 (N.D. Ill. Apr. 9, 2008) (same).

To the extent that the defendants assert that the complaint allegations regarding negligence are conclusory and may therefore be ignored, the Court disagrees. While not expansive, the allegations pled identify specific acts of negligent omission on Tannen's part, such as failing to issue timely pre-verdict demand letters, failing to initiate timely settlement negotiations, and failing to advise the plaintiffs about the prospects of an adverse verdict. Further, the Tannen defendants' characterization of the plaintiffs' claims against Tannen as relating solely to pre-verdict conduct is simply not correct. *See* Tannen Resp. to Mot. to Remand 2, ECF No. 24; Tannen Submission in Supp. of Removal 2, ECF No. 23. Their reading of the complaint is too narrow. The complaint asserts that Tannen had a duty to provide Dillon Transport with legal counsel beginning in December 2015 ***and continuing thereafter***. It specifically alleges both that Tannen failed to initiate timely pre-verdict settlement negotiations and failed to advise his client of the steps it should take to protect itself from an adverse verdict; the latter omission may reasonably be interpreted both as an allegation that Tannen failed to prevent an adverse verdict and that he failed to protect the plaintiffs from the consequences of that adverse verdict. Construing the complaint liberally and in the light most favorable to the plaintiff, as an Illinois court would be required to do, the Court therefore finds that the plaintiffs' allegations include Tannen's post-verdict conduct that occurred in 2016.

The defendants also argue that according to the plaintiffs' own allegations, it is impossible for Tannen and TLG to be held liable for the plaintiffs' damages. Specifically, they

11

point to an allegation in the complaint stating that "[h]ad timely negotiations occurred before trial or during the trial the attorneys for [the plaintiffs] would have settled" the case within Dillon Transport's insurance policy limit. Notice of Removal 8, ECF No. 1; Warren Resp. to Mot. to Remand 11, ECF No. 25; Tannen Submission in Supp. of Removal 7-8, ECF No. 23. The defendants assert that, based on this claim, Tannen cannot be held liable for failing to settle the case because he was not retained until the day after the jury began deliberating. *See id.* The defendants also point to the plaintiffs' allegation that on December 17, 2015, the Texas plaintiffs were not interested in settling the case for $5 million, the maximum amount covered by Dillon Transport's insurance policies. Compl. Counts V-VIII, ¶ 29, ECF No. 1-1. The Warren defendants argue that the Tannen defendants' conduct cannot be the proximate cause of Dillon Transport's $2.5 million out-of-pocket loss if the Texas plaintiffs were unwilling to settle for $5 million on the day Tannen became involved in the lawsuit. Warren Resp. to Mot. to Remand 11, ECF No. 25.

The defendants' arguments are based upon a narrow and inaccurate reading of the complaint. The cited allegations are only two of many contained in the plaintiffs' pleading, and neither indicate that Dillon Transport's claims against Tannen and TLG have no chance of success. An allegation that the case would have settled if negotiations had taken place before or during the trial does not preclude additional claims that Dillon Transport's damages were caused by other negligent pre- and post-verdict acts that occurred after Tannen was retained. Furthermore, the claims against Tannen include his failure to advise Dillon Transport on how to protect itself from the adverse verdict, which includes conduct that took place throughout 2016. *See supra* at 11. Tannen's own affidavits suggest that the final settlement reached in December 2016, which required Dillon Transport to pay $2.5 million in personal assets, was the result of

nearly a year of post-trial legal work; the plaintiffs allege that Tannen's alleged negligence during that time caused Dillon Transport to settle for more than it otherwise would have. The Court, therefore, finds that Dillon Transport's allegations do not show that it has no reasonable possibility of stating a claim for professional negligence against the Tannen defendants.

*   *   *

As stated at the outset, defendants seeking removal that depends on a finding of fraudulent joinder face the very high burden of showing that the plaintiff's case against the non-diverse defendants has no chance of success. The plaintiffs' prospects for success against Tannen may well be dubious, but that is not enough to warrant disregarding those claims in assessing the Court's jurisdiction. Because defendants Tannen and TLG and plaintiffs Dillon Transport and Dillon are all citizens of Illinois, complete diversity as required by Section 1332 does not exist. This Court, therefore, lacks jurisdiction over the case and grants the plaintiffs' motion to remand. Because the Court lacks jurisdiction over this case, it will not address the Warren defendants' motion to dismiss for lack of personal jurisdiction. This case is remanded to the Circuit Court of Cook County.

Date: June 12, 2018

John J. Tharp, Jr.
United States District Judge